## MERRIMAC HAT CORP. v. CROWN OVER-ALL MFG. CO. et al.

### No. 66, Docket 21551.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1950.

Decided Jan. 5, 1951.

Harry Price, New York City (Lester Gutterman, New York City, of counsel) for appellant.

Klein, Alexander & Cooper, New York City and Jaffin, Schneider, Kimmel & Galpeer, New York City (Frank Zugelter, Cincinnati, Ohio, and Stanley E. Zimmerman, New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

■ Under Rule 12(b), 28 U.S.C.A., Crown, of course, did not waive lack of service by joining a motion to dismiss the complaint with its motion to quash service. As it was not served, no restraining order could be issued against it.

■ Since, however, Excello was served, we proceed to consider, on the merits, the denial of a restraining order as to it.[2] We need not consider whether, in some circumstances, a federal court may properly enjoin, *pendente lite,* a party from continuing with an opposition in the Patent Office. Suffice it to say that it would be an abuse of discretion to issue such an injunction where, as here, the plaintiff, long before bringing suit for such an injunction, had itself initiated the Patent Office proceedings. Accordingly, the denial of injunctive relief was correct.

Affirmed.

2. We shall not consider whether the complaint should be dismissed because Crown is an indispensable party.